**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WEIHONG LIU,<br><br>             Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>             Respondent. | No. 14-70080<br><br>Agency No. A200-253-240<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:      LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Weihong Liu, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum and withholding of removal.  We have

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on omissions from Liu's and his wife's declarations of an alleged IUD insertion, circumstances preceding an alleged forced abortion, the alleged birth of a second child, and subsequent events. *See id.* at 1048 (adverse credibility determination was reasonable under the REAL ID Act's totality of the circumstances standard); *see also Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (upholding adverse credibility determination based in part on omissions which "went to the core of [the petitioner's] fear of political persecution"). The agency reasonably found Liu's explanations further undermined his credibility. *See Liu v. Holder*, 640 F.3d 918, 926 (9th Cir. 2011). In the absence of credible testimony, Liu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**